STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-07-407

STOP AND SHOPPE FOOD
MART INC.,

Plaintiff,

ORDER

PORTLAND PUMP CO.,

Defendant.

Before the court is a motion for summary judgment by Portland Pump Company.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

The court has reviewed the record and finds that with respect to Count I of the complaint (breach of settlement agreement) plaintiff Stop and Shoppe Food Mart Inc.

has demonstrated that there are a number of factual disputes for trial, including (but not limited to) the following:

1) To what extent the Adams & Fogg quotation of April 15, 2005 – accepted by Portland Pump on August 3, 2005 as "descriptive of what they [Portland Pump] are prepared to do in terms of equivalent installation to satisfy the requirements of the plaintiff as part of the settlement" – differed from the original contract and from the settlement agreement reached in 2003.

2) Whether, given a potential ambiguity in the statements made by counsel for Portland Pump on August 3, 2005, the Adams & Fogg quotation potentially imposed additional obligations upon Portland Pump or merely fleshed out its original obligations.

3) Whether the $32,700 received by Portland Pump from Dresser was to be used entirely to implement the settlement.

4) Whether Portland Pump wrongfully overcharged Stop and Shoppe $1,500 for what it characterized as additional installation services.

5) Whether Stop and Shoppe prevented Portland Pump from performing the settlement agreement or whether Portland Pump failed or refused to perform the installation in a satisfactory manner.

With respect to Stop and Shoppe's conversion claim (Count II) the court concludes that Stop and Shoppe has not demonstrated that there is a factual dispute as to whether it consented to Portland Pump's possession of certain equipment. *See* Portland Pump SMF ¶ 9; Stop and Shoppe SMF ¶ 9. Stop and Shoppe's real complaint is that the delay in installing the equipment resulted in loss of the warranty period. If proven, this would constitute a basis for relief under Stop and Shoppe's claim for breach of the settlement agreement but does not constitute a claim for conversion.

2

The entry shall be:

Defendant's motion for summary judgment is denied as to Count I and granted as to Count II. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     January _12_, 2009.

Thomas D. Warren
Justice, Superior Court

OF COURTS
land County
Box 287
aine 04112-0287

RUSSELL PIERCE ESQ
PO BOX 4600
PORTLAND ME 04112



OF COURTS
rland County
Box 287
aine 04112-0287

JEFFREY EDWARDS ESQ
PO BOX 9546
PORTLAND ME 04112

